UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| INTERTRIBAL SINKYONE WILDERNESS COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>Defendants. | No. 1:12-cv-00420 NJV<br><br>ORDER RE SCOPE OF REMAND |

On September 25, 2013, the court entered an order on the parties' cross motions for summary judgment in this case, granting in part and denying in part each motion. (Doc. 66.) The court granted Plaintiffs' motion as to their claims regarding the National Marine Fisheries Service's ("NMFS") compliance with the requirement under the Endangered Species Act ("ESA") that agencies base their decisions on the best scientific data available. (Doc. 66, p. 41.) The court also granted Plaintiffs' motion as to their claim regarding NMFS's compliance with the requirement under ESA that the NMFS analyze the effect of the entire agency action. *Id*.

In their motion, Plaintiffs expressly stated that in recognition of the importance of military readiness, they did not seek injunctive relief. Rather, they sought remand of the Five-Year Regulations, 2012 Letter of Authorization, and its biological opinions to the NMFS to comply with the requirements of ESA. In response, Defendants requested an opportunity to submit a supplemental brief addressing the appropriate scope and duration of any remand. The court granted Defendants twenty days to file the requested supplemental brief, and granted Plaintiffs ten days to

file a response. *Id.*, p. 42-43. Defendants filed an unopposed motion for a stay on October 1, 2013, due to the lapse in funding for the Department of Justice. (Doc. 67.) The court granted the requested stay. (Doc. 68.) Following restoration of funding, Defendants filed their supplemental brief on October 31, 2013. (Doc. 70.) Plaintiffs filed their response on November 12, 2013. (Doc. 71.)

In their supplemental brief, Defendants contend that the appropriate scope of remand in this case is an order remanding the 2012 BiOp to the NMFS to reexamine: (1) the "no jeopardy" opinion and ITS in light of the 2010 and 2011 dolphin studies; and (2) the "no jeopardy" opinion in light of the court's ruling that the NMFS abused its discretion in defining the "agency action" to be reviewed under ESA as the five-year period permitted under the Marine Mammal Protection Act ("MMPA"). Defendants further contend that there is no basis for imposing a deadline on the NMFS for completing the remand. Defendants state, however, that the NMFS presently believes it can complete the remand within the eight-month period proposed by Plaintiffs, assuming that the remand is limited to the two issues Defendants identify and that the NMFS retains its discretion to decide how best to conduct the remand.

In further clarification of their contention that the remand in this case should be limited to the two discrete issues they have identified, Defendants argue that the NMFS's duty on remand is limited to responding to the specific issues remanded. The cases cited, however, are inapposite. In *Defenders of Wildlife v. Kempthorne*, No. 04-1230, 2006 WL 2844232, *12 (D.D.C. Sept. 29, 2006), the issue before the court was the agency's failure to obey the court's prior order to explain its conclusion regarding the range of the Canadian Lynx. *Id*. at *11-12. Similarly, in *Defenders of Wildlife v. Kempthorne*, 535 F.Supp.2d 121 (D.D.C. 2008), the court addressed the contention that the agency had failed to comply with the court's earlier order requiring the agency to clarify whether certain regulations regarding the black bear were being implemented. *Id*. at 127-28. No such limited prior remand has occurred in the present case, nor will the court now order one. This case does not involve a need for clarification on a discrete issue. Rather, it involves findings by this court that the NMFS violated ESA.

In ruling on the cross motions for summary judgment, the court made three discrete findings at issue here. First, the court held that it was an abuse of discretion in regard to its duty to use the best scientific data available for the NMFS to fail to consider the 2010 and 2011 dolphin studies in the 2012 LOA BiOp. (Doc. 66, 15:28 - 16- 1.) Second the court held because the NMFS abused its discretion in failing to consider the best scientific information available in its 2012 LOA BiOp, its estimates of the amount of take in the ITS, like its jeopardy analysis, was not based on the best scientific and commercial data available. The court found, therefore, that the NMFS abused its discretion in the issuance of the ITS. *Id*. at 17:17-20. Finally, the court held that it was an abuse of discretion for the NMFS to define the "agency action" to be reviewed under ESA as the five-year period permitted under the MMPA. *Id*. at 23:17-19.

These rulings impose on the NMFS a duty to correct its abuses of discretion. While fulfillment of this duty may be initiated, as Defendants suggest, by the NMFS "reexamin[ing]" its "no jeopardy" opinion, its ITS and its definition of "agency action," such reexamination is but the beginning. Action must be taken to achieve compliance with the ESA requirements violated by the NMFS. As Plaintiffs argue, the court's findings go to the heart of NMFS's analyses and decisions.

In support of their contention that there is no basis for imposing a deadline on the NMFS for completing the remand, Defendants contend that courts may not impose such deadlines absent substantial justification, such as an agency's repeated violations of law. Defendants cite language from *FPC v. Transcon. Gas Pipe Line Corp.,* 423 U.S. 326, 333(1976), in which the Court held that, '[i]n the absence of substantial justification for doing otherwise, a reviewing court may not after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods, procedures, and time dimension of the needed inquiry." The Court was addressing the authority of a court reviewing decisions of the Federal Power Commission to authorize the Commission to take new evidence regarding the existence of a gas shortage. This case is readily distinguishable from the situation now before the court. The court has not asked the NMFS to produce new evidence to support its decisions challenged in this case. Rather, the court has found that the NMFS violated ESA.

3

Moreover, Ninth Circuit precedent expressly permits imposition of deadlines on the remand process. For example, in *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv*., 524 F.3d 917, 937 (9th Cir. 2008) the Ninth Circuit found that a court has discretionary authority to impose deadlines on remand proceedings and that requiring regular status reports during remand is "clearly permissible." *See also Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1381 (Fed.Cir. 2001) (setting 120–day deadline for rule-making, while permitting agency to move for a reasonable extension if rulemaking could not be completed within this timeframe); *In re Consolidated Delta Smelt Cases*, Nos. 1:09-cv-00407 LJO BAM, *et al.,* 2013 WL 1455592 (E.D.Cal.) at *3, *10 (discussing above cases and setting deadlines for further proceedings). Finally, to the extent that substantial justification is needed for the imposition of a deadline on the remand in the present case, the court finds that such justification exists in the need to ensure the protection of listed species intended by Congress in enacting ESA. The violations of ESA found by this court affect fundamental aspects of the NMFS's jeopardy analysis and issuance of the ITS, and must be promptly corrected so as to minimize the potential impact of defects in that analysis.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. This matter is remanded to the NMFS for correction of the violations of ESA found in the court's order of September 25, 2013.
2. To the extent that the corrections require issuance, re-issuance or amendment of documents under ESA, such issuance, re-issuance or amendment shall be completed no later than August 1, 2014.
3. The court shall retain jurisdiction to enforce this order and to hear any related motions.

Dated: November 26, 2013

NANDOR J. VADAS
United States Magistrate Judge

4